CHARLES MORRIS v. THE TOWNSHIP OF OCEAN, &c.

1. The act entitled "A further supplement to an act entitled 'An act to establish a system of public instruction,'" approved March 27th, 1874, which supplement was approved April 15th, 1878, is invalid as being local and special legislation on matters in respect to which such legislation is prohibited by the constitution.

2. A township collector who paid over all school moneys to which a school district was entitled to a treasurer appointed under the act above mentioned is not entitled to a percentage on such moneys as moneys "paid out" by him, because such payment is not within the meaning of the act providing compensation for such collector.

On certified case.

Upon the trial of the case before the Circuit Court without jury the following facts were agreed to:

*First.* It is admitted that the defendant is a municipal corporation, and that Charles Morris, the plaintiff, was the duly elected and qualified collector of taxes for Ocean township, in the county of Monmouth and State of New Jersey, from March, 1885, until March, 1891; that Matthias Woolley was the appointed and qualified treasurer of school district No. 85, located in said township, from March, 1887, until September 1st, 1893, under an act entitled "A further supplement to an act entitled 'An act to establish a system of public instruction,'" &c., approved April 5th, 1878, which act applies to school district No. 85 aforesaid, and is binding on all parties hereto if the same is constitutional. *Pamph. L.* 1878, *p.* 413.

*Second.* In the year 1886 said Morris made a verbal claim and demand before the township committee for one and one-half per cent. of the school moneys collected by him in said year, which said claim was referred to counsel, and by said counsel's advice payment thereof was refused by said committee, and thereupon said Morris afterwards presented a bill

for three-quarters of one per cent. of the school moneys collected by him in said year 1886, and a like bill for three-quarters of one per cent. in the other years mentioned in the declaration; that said Matthias Woolley presented a bill to defendant for three-quarters of one per cent. of the school moneys disbursed by him as treasurer in the years aforesaid, and the township committee, acting for and on behalf of the defendant, paid said claims to the respective parties as they became due in each year.

*Third.* That the fees and commissions which the plaintiff now demands were paid by the defendant to Matthias Woolley at the end of each fiscal year, for disbursing said school moneys as treasurer of the said board of education, such payments being made with the knowledge of said Charles Morris. The moneys disbursed by said Matthias Woolley were voluntarily paid to him direct by said Charles Morris while acting as collector of said township.

*Fourth.* That the payments of all school moneys by Charles Morris to Matthias Woolley were made without any orders from the district clerk or the board of education, and were in large sums, varying in amounts from $500 to $4,000, over which defendant had no control; and that said Matthias Woolley, as treasurer of the board of education aforesaid, disbursed said school moneys in detail for teachers' salaries, school improvements, fuel, and other lawful purposes, upon the written orders of the district clerk of said school board, duly signed, &c., specifying the object for which they were given. That the said Matthias Woolley was, during all the time covered by the claim of plaintiff, a duly-elected member of the board of education, of school district No. 85.

*Fifth.* The law of 1878 having been declared unconstitutional by Judge Magie in the Somerset Circuit Court, this action is brought to recover three-quarters of one per cent. for disbursing said school moneys in the years mentioned in plaintiff's declaration, the plaintiff insisting that said three-quarters of one per cent. heretofore paid to Matthias Woolley as afore-

said, should have been paid to said plaintiff as his fee fixed by law.

C. EWING PATTERSON,
*Attorney of Plaintiff.*
JOHN W. SLOCUM,
*Attorney for Defendant.*

The following questions were thereupon certified :

*First.* Whether the act entitled "A further supplement to an act entitled 'An act to establish a system of public instruction,'" approved April 5th, 1878, is constitutional. *Pamph. L., p.* 413.

*Second.* Whether the statute which limits the time within which certain actions should be brought to the period of six years from the time action accrues is applicable to plaintiff's demand.

*Third.* Whether the said Charles Morris disbursed any school moneys (within the meaning of the statute) during his term of office; and is he entitled to any compensation for simply paying said school moneys to the treasurer of the school board?

*Fourth.* If the act of 1878 is unconstitutional, was not Matthias Woolley, nevertheless, the *de facto* disbursing officer of the school moneys of the said school district; and the identical fees and commissions for which this suit is brought having been paid by defendant to Matthias Woolley at the time and in the manner set forth in the statement of facts agreed upon, can the plaintiff maintain his action against the defendant, a municipal corporation?

*Fifth.* Is not the plaintiff estopped from maintaining his action against the defendant by reason of his having recognized Matthias Woolley as the disbursing officer of the school moneys of said district, and voluntarily turning over all of said school moneys to him?

Argued at June Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *C. Ewing Patterson* and *Aaron E. Johnston.*

For the defendant, *John W. Slocum.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. In regard to the first question referred to us, we are of opinion that the act therein mentioned is lacking in validity, because it is a local and special law upon matters about which such legislation is prohibited by the constitution.

The second question must be answered in the negative. *Cowenhoven* v. *Freeholders,* 15 *Vroom* 232.

In respect to the third question, we think that Morris, the township collector, in paying over all school moneys to Woolley, acting as a treasurer of a school district under the legislation above declared invalid, did not "pay out" that money within the meaning of the law giving to a collector three-fourths of one per cent. upon all school moneys received and paid out by him. In *Demarest* v. *New Barbadoes,* 11 *Vroom* 604, the Court of Errors approved a construction of this law which allowed to a collector his percentage on all school moneys received and also on all school moneys paid out, except on such moneys received by him from his predecessor in office and on such moneys paid over by him to his successor in office. His percentage on moneys paid out was limited to such moneys as he paid out on the order of the district clerk. A like construction excludes Morris' claim for percentage on the school moneys paid over to Woolley.

As these answers dispose of the case, it is not deemed necessary to respond to the other questions.